354 So.2d 179 (1977)
Mrs. Charles Kinchen LUSHUTE
v.
Frank J. DIESI and Little Capitol of Louisiana.
No. 59811.
Supreme Court of Louisiana.
December 19, 1977.
Dissenting Opinion January 13, 1978.
Rehearing Denied January 27, 1978.
John M. Shaw, Lewis & Lewis, Opelousas, for defendant-applicant.
Vance R. Andrus, Fontenot, Gautreaux & Andrus, Lafayette, for plaintiff-respondent.
*180 MARCUS, Justice.
On May 21, 1975, Mrs. Charles Kinchen Lushute instituted suit against Frank J. Diesi to recover workmen's compensation benefits for the death of her husband, Charles Vincent Lushute, who died as a result of injuries sustained on May 23, 1974, while repairing the air-conditioning system at the Little Capitol restaurant allegedly owned and operated by Diesi. On September 16, 1975 (some sixteen months after the date of the accident), Mrs. Lushute filed a supplemental and amending petition making Little Capitol of Louisiana, Inc. a party defendant. It was alleged that the corporation was either a co-owner of the business with Diesi and as such liable in solido with him or alternatively was the sole owner of the restaurant. Exceptions of no cause or right of action filed on behalf of Diesi and of prescription filed on behalf of Little Capitol were referred to the merits. After trial, the district court concluded that Diesi and Little Capitol were both employers of Lushute and as such liable to plaintiff in solido; therefore, the supplemental and amending petition naming Little Capitol a party defendant was timely filed. Accordingly, the exceptions were overruled and judgment was rendered in favor of plaintiff and against defendants, in solido, for workmen's compensation benefits in the sum of sixty-five dollars per week for five hundred weeks, plus the additional amount of $1,849.13 representing medical and funeral expenses. Defendants appealed.
The court of appeal concluded that the trial court erred in finding that Diesi was an employer of Lushute; accordingly, it dismissed plaintiff's suit against Diesi. The court further found that Little Capitol was the sole owner and operator of the restaurant and that the suit timely filed by plaintiff against Diesi interrupted prescription as to Little Capitol. Accordingly, it found that the trial court correctly overruled the exception of prescription filed by Little Capitol. Next, finding that Lushute was as independent contractor, who just prior to his death, had spent a substantial part of his work time performing labor in carrying out the terms of his contract with the corporation to repair the air-conditioning system of the restaurant and that the work performed by Lushute was part of the trade, business or occupation of Little Capitol, the court of appeal concluded that Lushute was covered under the act and therefore affirmed that portion of the trial court's judgment awarding compensation benefits in favor of plaintiff and against defendant Little Capitol.[1] We granted Little Capitol's application for certiorari to review the correctness of this judgment.[2]
At the outset, we find that the court of appeal correctly affirmed the overruling of LittleCapitol's exception of prescription by the trial court for the reasons assigned in the opinion of the court of appeal.
We next address the principal issue presented for our determination, i. e., whether, under the facts and circumstances of this case, decedent (Lushute) was within the class of persons extended coverage under the workmen's compensation act.
The pertinent facts are as follows. Lushute was a self-employed plumber, electrician and handyman who performed work for over two hundred fifty customers in the Melville, Louisiana area, one of which was Little Capitol. For several years when requested he repaired electrical, plumbing, refrigeration and air-conditioning equipment at the Little Capitol restaurant owned and operated by Little Capitol for which services he was paid six to seven dollars per hour. In performing these services, he used his own truck for transportation and his own tools. He made service calls to the restaurant on the average of about once or twice a month. On May 23, 1974, while attempting to repair one of the four air-conditioning units at the restaurant, Lushute fell through the ceiling sustaining serious injuries from which he died on the following day.
*181 At the time of the accident, the pertinent provision of the workmen's compensation act was La.R.S. 23:1021(6) which provided:
As used in this Chapter, unless the context clearly indicates otherwise, the following terms shall be given the meaning ascribed to them in this Section:
(6) "Independent Contractor" means any person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this Chapter unless a substantial part of the work time of an independent contractor is spent in manual labor by him in carrying out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter.[3]
After a review of the record, we are convinced that Lushute was an independent contractor as defined in the above provision. Evidence revealed that Lushute was employed by Little Capitol at an hourly rate to repair various items of equipment as they became inoperative. Little Capitol had no control as to the means by which Lushute repaired these items but rather had control as to the results of his work only. Having determined that Lushute was an independent contractor under La.R.S. 23:1021(6), we must next consider whether he was an independent contractor who was entitled to receive workmen's compensation benefits under the provisions of the act. Resolution of this issue necessitates a determination as to what requirements must be met in order for an independent contractor to be entitled to receive workmen's compensation benefits. In ascertaining these requirements, we find it necessary to briefly review the history and statutory scheme of the workmen's compensation act as a whole.
By Act No. 20 of 1914, the legislature prescribed for the first time the liability of an employer to make compensation for injuries received by an employee in performing services arising out of and incidental to his employment in the course of his employer's trade, business or occupation. Included in this act was a provision, the predecessor of La.R.S. 23:1061,[4] which extended workmen's compensation benefits to workmen employed by a "contractor" in the execution of work undertaken by the principal where the work was a part of the principal's trade, business or occupation. The term "contractor" appeared only in this provision and as defined therein referred to any person who contracted with the principal to execute work undertaken by the principal which was a part of the principal's trade, business or occupation. The contractor was not covered under the act.
Subsequently, by Act No. 85 of 1926, the legislature reenacted the above provision with minor changes not pertinent here and thereby retained the definition of a contractor as it appeared in the 1914 provision.
*182 The provision as reenacted is presently La.R.S. 23:1061. At the same time, the legislature enacted a new provision which defined an independent contractor as "any person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished." The new provision expressly excluded an independent contractor from coverage under the act. The clear intent of the legislature in enacting this new provision, while also reenacting the 1914 provision, was not to discard the earlier definition of a "contractor" as provided in the 1914 act, but rather to make additional qualifications as to who would be considered an independent contractor so as to distinguish between an employee of the principal who was covered under the act and the independent contractor who performed work for the principal which was a part of the principal's trade, business or occupation and who was not covered under the act. Considering the two provisions together, an independent contractor was defined as any person who rendered service which was part of the principal's trade, business or occupation, other than manual labor, for a specified recompense and for a specified result either as a unit or a whole, under the control of his principal as to the results of his work only, and not as to the means by which such result was accomplished.
By Act No. 179 of 1948, the legislature adopted a new definitional provision with respect to independent contractors which extended workmen's compensation benefits under limited circumstances to this class of persons. Retaining the 1926 definition of an independent contractor in its entirety, the new provision expressly excluded from coverage under the workmen's compensation act an independent contractor "unless a substantial part of the work time of an independent contractor is spent in manual labor by him in carrying out the terms of the contract, in which case said independent contractor is expressly covered by the provisions of this act."[5] The obvious purpose of extending compensation coverage to an independent contractor under the circumstances described in the provision was to prevent an employer from avoiding liability under the act by contracting with an independent contractor for the execution of work undertaken by the employer which was part of the employer's trade, business or occupation. Hence, by this provision, La.R.S. 23:1021(6), the legislature extended workmen's compensation benefits to an independent contractor as defined in the 1914 and 1926 acts (i.e., any person engaged in the execution of work undertaken by the principal which is a part of the trade, business or occupation of the principal for a specified recompense for a specified result and under the control of his principal as to the results of his work only) where a substantial part of his work time is spent in manual labor in carrying out the terms of the contract with his principal.
We therefore conclude that an independent contractor is covered under the workmen's compensation law only when a substantial part of his work time is spent in manual labor in carrying out the terms of his contract with the principal and the work performed by him is a part of the principal's trade, business or occupation.
*183 Applying these principles to the instant case, we have previously determined that Lushute was an independent contractor. There is no dispute that just prior to the accident he was performing a substantial part of his work time in manual labor in carrying out the terms of the contract with Little Capitol to repair the air-conditioning system at the restaurant. The only remaining and disputed issue is whether Lushute's repairing the air-conditioning system at the restaurant was a part of the trade, business or occupation of Little Capitol, i.e., the restaurant business. Whether work performed by an independent contractor is a part of the trade, business or occupation of the principal is a factual issue which must be determined under the circumstances of each case.
Under the facts of this case, we do not consider that the work performed by Lushute in repairing the air-conditioning system at the restaurant owned by Little Capitol was a part of Little Capitol's trade, business or occupation. A properly functioning air-conditioning system, although desirable from the viewpoint of customer comfort and satisfaction, is not necessary for the operation of a restaurant. The service rendered by decedent at the time of the accident was not a part of the restaurant business but was merely incidental thereto. Since we conclude that the decedent was not performing work which was a part of the trade, business or occupation of Little Capitol at the time of the accident, he was not an independent contractor entitled to coverage under the workmen's compensation act. Hence, we conclude that plaintiff is not entitled to recover workmen's compensation benefits from Little Capitol for Lushute's death resulting from work-related injuries.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed insofar as it awarded to plaintiff, Mrs. Charles Kinchen Lushute, workmen's compensation benefits against defendant, Little Capitol of Louisiana, Inc. Judgment is rendered in favor of defendant, Little Capitol of Louisiana, Inc., dismissing plaintiff's suit. The costs in this court are assessed against plaintiff, Mrs. Charles Kinchen Lushute.
CALOGERO, J., dissents and assigns reasons.
CALOGERO, Justice, dissenting.
I dissent from the majority's construction of the relevant amendments to Louisiana's Workmen Compensation Act. R.S. 23:1021 et seq. The majority's interpretation of these amendments places more requirements on an independent contractor's receiving compensation payments than are intended by the unambiguous terminology of the Act.
Essential to the majority's decision is its interpretation of Act. No. 20 of 1914 (as amended, R.S. 23:1061) as providing a definition of contractor which includes "any person who contracted with the principal to execute work undertaken by the principal which was a part of the principal's trade, business or occupation." (emphasis added). Such a definition can not be found even implicitly in the compensation statute. In fact no definition at all of this term is provided. The act only recites which employees of contractors are provided coverage.[1]
The majority then construes this alleged partial definition of "contractor" with the *184 definition of "independent contractor" found in Act No. 85 of 1926 (now a part of R.S. 23:1021(6)) to determine that an independent contractor (who was totally excluded from coverage) was defined as: "any person who rendered service which was part of the principal's trade, business or occupation, other than manual labor, for a specified recompense and for a specified result either as a unit or a whole, under the control of his principal as to the results of his work only, and not as to the means by which such result was accomplished."
Using this definition of "independent contractor" it is understandable how the majority concludes that Mr. Lushute was not entitled to compensation benefits despite his meeting the provision of Act 179 of 1948 which for the first time allowed benefits to an "independent contractor", i. e. that the "independent contractor" spend a substantial part of his work time doing manual labor.
This reasoning on the part of the majority is rather torturous to say the least. And torturous it must be if the unambiguous directive of 23:1021(6) (an independent contractor a substantial part of whose time is spent in manual labor in carrying out the terms of the contract is "expressly covered by the provisions of this Chapter"), is to be thwarted by an interpretative qualification, neither apparent nor intended by the legislature (that the contractor's service must be in connection with the principal's trade, business or occupation).
R.S. 23:1021(6) provides:
"Independent Contractor" means any person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this Chapter unless a substantial part of the work time of an independent contractor is spent in manual labor by him in carrying out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter.

While the foregoing provision is found simply in the definitions article, it is a very unambiguous directive. The phrase "expressly covered by the provisions of this Chapter"[2] should be interpreted to mean "entitled to workmen's compensation benefits."
Only one reported decision has directly confronted this problem. In Sam v. Deville Gin, Inc., 143 So.2d 838 (La.App.3d Cir. 1962), Hood, J. author, the court found that a manual contractor was covered without regard to whether the work being performed was part of the trade, business or occupation of the principal.
Several other Court of Appeal decisions, like the one here under review, have gone on to consider the character of the service of a manual contractor, thus implying, if not explicitly requiring, that a manual contractor must be performing work which is an integral part of the principal's trade, business or occupation to be covered by the workmen's compensation act.
For instance in Vizena v. Travelers Ins. Co., 238 So.2d 238 (La.App.3d Cir. 1970), the court found a welder to be a manual contractor and then went on to find that he was engaged in his principal's oil and gas refinery business. And in Meche v. Farmers Drier and Storage Co., 193 So.2d 807, (La.App.3d Cir. 1967) an independent manual contractor engaged in rodent control services was found to be performing an integral part of the rice mill-warehouse business.
On the other hand the noted authority Professor Wex Malone has offered a resolution of this problem consonant with that suggested above by this author.
"In Louisiana, (unlike most jurisdictions) the contractor who spends a substantial *185 part of his worktime in manual labor is entitled to compensation just as though he were an employee. In the event of such a claim by a working contractor, how should the relationship between the contractor's work and the business of the principal be tested? If the contractor is to be regarded as strictly analogous to the direct employee, the contractor repairing or improving his principal's business will be entitled to compensation (even though the contractor's own employee who was injured while doing the same work would be denied recovery against the same principal in a suit based on R.S. 23:1061).
The problem outlined above was considered at length by the Court of Appeal in Sam v. Deville Gin, Inc. The opinion concluded that contractors entitled to compensation under R.S. 23:1021(6) should be treated in this respect just as though they were a direct employee and that the liberal test that controls the employee's suit should be made applicable in the suit by the working contractor.
At first glance it may appear difficult to approve an approach that would accord a recovery to the contractor when it would be denied to the contractor's own employee against the same principal for an identical accident. On further reflection, however, the injustice disappears. We need only reflect upon the purpose of R.S. 23:1061, which requires that the work done by the contractor must be part of the business of the principal before the contractor's employee is entitled to compensation from the latter. Ordinarily a principal is not and should not be subjected to the compensation claims of his contractor's employees. The compensation burden in such instances properly rests upon the contractor himself. It is only when the principal seeks to avoid his own compensation obligation by farming out part of his normal operations to a contractor that an evil arises requiring exceptional treatment. Otherwise, the compensation obligation should rest upon the contractor alone. If, then, repair work done on business premises is customarily done by specialized contractors, there is no sound reason why the principal should be directly responsible to his contractor's workers. He has in no way sought to avoid his normal compensation responsibility through resort to the use of a contractor as intermediary.
On the other hand, the policy that underlies R.S. 23:1021(6) (granting the contractor doing manual work the same rights as the direct employee) is entirely different. This section was added by amendment in 1948 because the former distinction between contractor and employee had become so tenuous and so difficult to administer that the cases were in a state of almost helpless confusion, and many injustices were apparent. The new provision was added in order to relieve the courts of this difficulty by requiring that all manual workers be treated the same, whether they were regarded technically as contractors or employees. The court, by entitling the contractor the more liberal approach on this matter, does not in any way detract from any entitlements formerly enjoyed by the contractor's employee, who still retains the right to proceed against his own employer, the contractor." Malone, La. Workmen's Compensation, Sec. 73 (1964 pocket part, page 28) (citations omitted)
Other decisions cited by plaintiff-relator are not pertinent. Thibodaux v. Sun Oil Co., 218 La. 453, 49 So.2d 852 (1950); Fisher v. Cash Grocery and Sales, 316 So.2d 872 (La.App.3d Cir. 1975); Ball v. Kaiser Aluminum & Chemical Corp., 112 So.2d 741 (Orl.App.1959), and Horrell v. Gulf & Valley Cotton Oil Co., 15 La.App. 603, 131 So. 709 (Orl.App.1930), all involved an employee of a contractor.
Ponthieux v. Lindsay, 254 La. 647, 226 So.2d 482 (1969); McMorris v. Home Indemnity Ins. Co., 236 La. 292, 107 So.2d 645 (1959); Shipp v. Bordelon, 152 La. 795, 94 So. 399 (1922) and Edwards v. Stafford, 153 So.2d 106 (La.App. 1st Cir. 1963) each turned on the employer's not being engaged in a hazardous trade, business or occupation.
*186 For the above reasons I dissent from the majority's decision. Whether the manual labor performed by the contractor Lushute was a part of the trade, business or occupation of his principal is irrelevant under the express provisions of R.S. 23:1021(6). As Mr. Lushute was an independent contractor a substantial part of whose work time was spent in manual labor performing services for defendant-relator, Little Capitol of Louisiana, Inc., he should have been afforded coverage under our workmen's compensation statute.
NOTES
[1] 343 So.2d 1132 (La.App.3d Cir. 1977).
[2] 346 So.2d 215 (La.1977).
[3] This provision is presently La.R.S. 23:1021(5).
[4] La.R.S. 23:1061 provides:

Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed.
Where the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor.
[5] This provision of Act 179 of 1948 was included under "Definitions" in the workmen's compensation law (La.R.S. 23:1021(6)) and provided:

A person rendering service for another in any of the trades, businesses or occupations covered by this act is presumed to be any employee under this act. The term "independent contractor", shall be considered to mean, for the purpose of this act, any person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this act unless a substantial part of the work time of an independent contractor is spent in manual labor by him in carrying out the terms of the contract, in which case said independent contractor is expressly covered by the provisions of this act.
[1] Act 20 of 1914 provides in pertinent part:

Section 6. 1. Be it further enacted, etc., That where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business or occupation or which he has contracted to perform, and contracts with any other person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any workman employed in the execution of the work any compensation under this act which he would have been liable to pay if that workman had been immediately employed by him; and where compensation is claimed from or proceedings are taken against the principal, then, in the application of this act, reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the workman under the employer by whom he is immediately employed.
[2] The "chapter" referred to in 23:1021(6) is Chapter 10, Workmen's Compensation, R.S. 23:1021, et seq.