376 So.2d 584 (1979)
PAINTING SYSTEMS, INC.
v.
Mildred POPKINS.
No. 10304.
Court of Appeal of Louisiana, Fourth Circuit.
October 10, 1979.
*585 Levenson & Bonin, Leonard L. Levenson, New Orleans, for plaintiff-appellant.
Warren L. Garfunkel, New Orleans, for defendant-appellee.
Before STOULIG, SCHOTT and BEER, JJ.
STOULIG, Judge.
Plaintiff, Painting Systems, Inc., has appealed a summary judgment dismissing its suit against defendant, Mildred Popkins, for $1,515 allegedly due on a repair contract, for attorney fees and for recognition of a laborer and materialman's lien recorded against the property on which the work was performed.
Verbal reasons for judgment given by the trial court were not transcribed and made part of this record; however, defendant's position seems to rest on the fact that plaintiff, never having conformed with the provisions of R.S. 12:1 et seq., has no capacity to sue. A certificate of the Secretary of State confirms that according to the records of his office no corporation named Painting Systems, Inc., has ever complied with the requirements for incorporating a business in this State. In support of her motion defendant claimed she never had any dealings with any corporation called Painting Systems, Inc., nor had she received any benefits from such a corporation.
We reverse. Summary judgment may be granted only if the pleadings, depositions, admissions and affidavits on file show there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. C.C.P. art. 966; Ray's Appliance & Air Conditioning v. Heard, 343 So.2d 435 (La.App.3d Cir. 1977).
This court in the case of Latter & Blum, Inc. v. Von Ruekfrang, 249 So.2d 229 (1971), in reviewing the jurisprudence in the granting of summary judgment stated:
"The general rule is that the motion for summary judgment is not a substitute for trial and may not be resorted to when there is a genuine issue of material fact which must be resolved in order to entitle the mover to a judgment as a matter of law. * * *
* * * * * *
"The law is clear that upon trial of a motion for summary judgment, the burden of proof rests upon mover to convincingly show absence of a genuine issue of material fact, and that mover is entitled to judgment as a matter of law. * * * Until mover discharges this initial burden of proof, the obligation of countering by the other party does not arise. * * * This burden is such that all reasonable doubt should be resolved against the mover * * * If any doubt exists, a trial on the merits should be had to resolve those doubts. * * *"
Defendant's affidavit is insufficient to support summary judgment. As it is worded, it is not clear whether she received no benefits whatsoever or whether she is engaged in legal hair-splitting and stating she received no benefits from a de jure corporation named Painting Systems, Inc. From a factual standpoint, there remains the disputed issue of whether a business entity named Painting Systems, Inc., performed a valuable service for which it was not compensated. This unresolved factual question is the substance of the suit.
From a procedural standpoint, the failure of plaintiff to comply with the laws of Louisiana could have been made the basis of a dilatory exception, which according to C.C.P. art. 923 is one that merely retards the progress of the action and does not defeat it. C.C.P. art. 928 requires that a dilatory exception be pleaded prior to the time the answer is filed. In this case denial of the corporate existence of plaintiff was included in the answer and comes too late. *586 (See West Publishing Co. v. Intrastate Pipeline Corp., 254 So.2d 643 [La.App. 4th Cir. 1971]).
Even were we to overlook the timeliness problem, the corporate status question does not go to the heart of the claim. From the petition it is apparent plaintiff could sue either under C.C.P. art. 687 (a person doing business under a trade name) or C.C.P. art. 689 (an unincorporated association). Defendant urges us to treat the lack of de jure corporate status as a peremptory exception of no right of action. Were it beyond plaintiff's ability to amend to state a legal capacity to sue, this argument would have merit. But in this case plaintiff should be able to cure the technical complaint.
Plaintiff's lack of corporate status is not available to defendant to defeat the claim on its merits. If defendant accepted the benefits of the contract, she could not later repudiate the corporate existence to avoid payment. New Prytania Market Ass'n v. Beoubay, 185 So. 531 (La.App.Orl. 1939). Only where corporate status at the time of entering into or performing a contract is germane to the substantive issues may the standing of the corporation be raised to defeat the claim on the merits.
For the reasons assigned the judgment appealed from is reversed and this matter is remanded for further proceedings consistent with the views herein expressed. Costs of this appeal are to await the final disposition of this matter.
REVERSED AND REMANDED.