407 So.2d 1251 (1981)
William D. BROWN, Plaintiff-Appellee,
v.
STATE FARM FIRE & CASUALTY COMPANY, Defendant-Appellant.
No. 8445.
Court of Appeal of Louisiana, Third Circuit.
November 16, 1981.
Stockwell & Associates, John S. Bradford, Lake Charles, for defendant-appellant.
Baggett, McCall, Singleton & Ranier, Homer C. Singleton, Lake Charles, for plaintiff-appellee.
Raggio, Cappel, Chozen & Berniard, Christopher M. Trahan and G. Michael Bourgeois, Lake Charles, for defendant-appellee.
Before DOMENGEAUX, CUTRER, SWIFT, STOKER and DOUCET, JJ.
DOMENGEAUX, Judge.
This is a workmen's compensation suit. There is no dispute as to the amount of compensation and medical expenses awarded to the plaintiff.
William David Brown (Brown) is self-employed. He had been engaged in the business of repairing homes and other structures in the Lake Charles area for about two years. His work consists principally of general carpentry, roofing and painting. Brown usually performs the work himself but, at times, he hires other workers to assist him. At the time of the accident referred to hereinafter there were approximately six men on his payroll as helpers or journeymen. Since his advent in the repairing business he had been performing intermittent work for Mr. Peyton Covington, an attorney, who owned rental property. When a problem developed with any of Mr. Covington's rental property, he would usually call Brown who would perform the work needed to repair or maintain it. Mr. Covington would pay Brown as per the invoice prepared by Brown upon completion of each job.
Approximately six months prior to April 25, 1979, Mr. Covington had noticed that the roof of his building which he used as a law office was leaking in areas around two bathrooms and the chimney. He called Brown to repair the roof. Brown recommended that a type of roofing cement be applied to the areas and on April 25, 1979, he began applying the roofing material *1252 which was also furnished by him. In the process of performing this work he fell from the edge of the roof to the ground breaking his leg. This injury resulted in eight weeks of disability and $6,897.55 in medical expenses.
Brown brought suit against Covington's insurer, State Farm Fire & Casualty Company (State Farm), to recover workmen's compensation benefits. State Farm denied liability on the ground that the work being performed by Brown was not a part of the trade, business or occupation of Mr. Covington. State Farm also filed a third party demand against St. Paul Fire & Marine Insurance Company (St. Paul), the insurer of United Craftsmen, Inc. United Craftsmen, Inc. was a corporation owned by Brown of which he was a sole shareholder. The basis for the third party action by State Farm is that Brown was an employee of the corporation at the time of the accident.
The trial court rendered judgment in favor of the plaintiff, Brown, and against State Farm. The third party demand against St. Paul was dismissed. Brown was awarded $141.00 per week for the eight weeks he was temporarily and partially disabled, and $6,897.55 for medical expenses. Brown's claim for attorney's fees and penalties was denied.
From this judgment State Farm appeals seeking reversal of the judgment or, alternatively, a right of indemnification against St. Paul. St. Paul answers denying responsibility. Brown answered seeking affirmance and also recognition of a claim for attorney's fees and penalties.
The principal issues involved in this appeal are whether Brown's services to attorney Covington in repairing the roof to the latter's office building was a part of Covington's trade, business, or occupation, and whether or not plaintiff Brown is entitled to compensation notwithstanding pronouncements of the Supreme Court in the case of Lushute v. Diesi, 354 So.2d 179 (La.1977).
State Farm contends that plaintiff Brown did not perform services arising out of and incidental to Covington's trade, business, or occupation as an attorney. The facts show that the workmen's compensation policy issued by State Farm was to the law partnership of Covington and Babin and covered the office personnel of those attorneys.[1]
State Farm contends that it is the "office personnel" who are the employees that are part of Mr. Covington's trade, business, or occupation.
The trial court noted that plaintiff was in fact an independent contractor but further determined that he was covered under the workmen's compensation act because the work performed by him was part of Mr. Covington's trade, business, or occupation. The trial court's finding makes Mr. Covington the principal of plaintiff in accordance with La.R.S. 23:1061. We feel that in so holding, the able trial judge evaded the rationale of Lushute v. Diesi, supra, and thereby erred.
In order to find plaintiff entitled to compensation benefits under the facts of this case, we would have to ignore and disregard the reasoning of the Supreme Court in the Lushute v. Diesi case, supra. In that case, Lushute's widow sued Diesi for workmen's compensation benefits resulting from the death of her husband who was killed while repairing an air conditioning system at Diesi's restaurant.[2] The Supreme Court dismissed plaintiff's suit on the ground that the decedent was not performing work which was a part of the trade, business, or occupation of Diesi.
The Supreme Court in referring to La. R.S. 23:1021(6) stated:

"We therefore conclude that an independent contractor is covered under the workmen's compensation law only when a *1253 substantial part of his work time is spent in manual labor in carrying out the terms of his contract with the principal and the work performed by him is a part of the principal's trade, business or occupation." (Emphasis added).
In connection with the above principal, the Supreme Court found that Lushute was an independent contractor, and that just prior to the accident therein he was performing a substantial part of his work time in manual labor carrying out the repairs of the air conditioning system at the restaurant.
The high court then felt, however, that Lushute's repairing of the air conditioning system at the restaurant was not part of the trade, business, or occupation of the restaurant owner. The court concluded that Lushute was not an independent contractor entitled to coverage under the workmen's compensation act, and therefore his widow was not entitled to compensation benefits.
In the case before us for consideration, the leaks in Mr. Covington's office building had been in existence for some six months and were in the vicinity of or over the two bathrooms and the chimney. Plaintiff was under a contract to repair that roof. Mr. Covington is an attorney and the building in question served as an office for his law practice.
Following Lushute we would agree with the trial judge that the plaintiff here was an independent contractor and that just prior to the accident of April 25, 1979, he was performing a substantial part of his work time in manual labor carrying out the repairs of Mr. Covington's roof. But unlike the opinion of the trial judge, we feel that we cannot escape the consequences of Lushute. Lushute dictates to us that if an air conditioning system in this day and age is not a necessary part of a restaurant owner's trade, business, or occupation, then certainly a leaky roof near the bathrooms and chimney of an attorney's law office and the repair thereof, likewise, cannot be considered as a part of the attorney's trade, business, or occupation. To hold otherwise would be to find a distinction without a difference between the facts in Lushute and those here.[3]
Accordingly, following our high court's rationale in Lushute, we find it necessary to reverse the judgment of the trial court which awarded compensation benefits to plaintiff against Mr. Covington's insurer, State Farm.
An issue which is no longer viable in view of the conclusion reached hereinabove is whether defendantplaintiff in reconvention State Farm would be entitled to indemnification from third party defendant, St. Paul Fire & Marine Insurance Company. Inasmuch as State Farm is relieved of liability herein, its third party action against St. Paul becomes moot. Although the trial court dismissed State Farm's third party action against St. Paul for other reasons, our conclusion herein mandates an affirmation of that action.
It follows, from all of the above, that plaintiff's answer to the appeal seeking attorney fees and penalties should be and is hereby rejected.
For the above and foregoing reasons the judgment of the district court which awarded compensation benefits to plaintiff and taxed trial court costs against defendant State Farm Fire & Casualty Company, is hereby reversed and plaintiff's suit is ordered dismissed.
In all other respects the judgment of the trial court is affirmed.
All costs, at trial and on appeal, are assessed against plaintiff-appellant, William D. Brown.
REVERSED IN PART, AFFIRMED IN PART, AND RENDERED.
*1254 SWIFT, J., concurs and assigns written reasons.
STOKER, J., concurs and assigns written reasons.
CUTRER, J., dissents with written reasons.
SWIFT, Judge, concurring.
I agree with the majority decision and believe there is an additional reason why the work performed by the plaintiff was not a part of attorney Covington's business. The plaintiff's services were neither essential to his occupation nor were they substantial and recurring. See 13 La. Civil Law Treatise, Workers' Compensation Law and Practice, Second Edition, Malone and Johnson, § 94, page 207. I am convinced the legislature never intended that an occasional repair by a carpenter, painter, plumber, electrician or appliance repairman to a building owned and used by one in a business no way related to such repair work should give rise to liability of the owner under our workmen's compensation law.
STOKER, Judge, concurring.
I concur in the result reached by the majority in the case.
Section 1021 of the Louisiana Workmen's Compensation Law (in its definition of independent contractor) grants a contractor an employee's benefits under the workmen's compensation law but without creating an employment relationship. LSA-R.S. 23:1021(5). The independent contractor is entitled to benefits under the same conditions as an employee. These conditions are provided in Section 1035 of the compensation law. The conditions are that the individual be injured while performing services arising out of and incidental to his employment in the course of his employer's trade, business or occupation. There is no statutory requirement that those services be "a part" of the employer's business. However, in Lushute v. Diesi, 354 So.2d 179 (La.1977), the Louisiana Supreme Court merged Section 1021(6), now Subsection 5, with Section 1061 relative to statutory employers and employees. The latter requires that the work being done be "a part" of the statutory employer's trade, business or occupation. Under Lushute an independent contractor claiming worker's compensation from his principal must satisfy Section 1061 and establish that the work being performed is "a part" of the trade, business or occupation of the principal in like manner as if he were an employee of the principal.[1]
In Lushute the Supreme Court tested whether Lushute's work in servicing the air condition system in Diesi's restaurant was a part of Diesi's trade, business or occupation on the basis of whether the work being done was necessary or not. In this case both the majority and dissenting opinions are quite persuasive in approaching the rights of plaintiff, William D. Brown, on this basis. I do not feel the Lushute case laid down an exclusive approach. It is possible to determine the issue by answering the question of whether the independent contractor was injured while performing services which the principal customarily performed. In this case plaintiff was not performing legal services which is the occupation of defendant's insured, attorney Covington. Moreover, roof repair is not customarily performed as a part of a law practice and certainly is not performed on a continuing basis. Reeves v. Louisiana and Ark. Ry. Co., 282 So.2d 503 (La.1973); Duplechin v. Pittsburg Plate Glass Co., 265 So.2d 787 (La.App. 3rd Cir. 1972); Moak v. Link-Belt Co., 229 So.2d 395 (La.App. 4th Cir. 1969), modified on other grounds, 257 La. 281, 242 So.2d 515 (1970); Hudson v. Aetna Cas. Ins. Co., 299 So.2d 499 (La.App. 4th Cir. 1974), cert. denied, 302 So.2d 20 (La.1974); and Rapattoni v. Commercial *1255 Union Assurance Co., et al, 378 So.2d 953 (La.App. 3rd Cir. 1979). Therefore, plaintiff is not covered under the worker's compensation law.
Any other construction of the words "a part of" as relates to a trade, business or occupation would result in any business of any nature, however small, being liable for compensation to either statutory employees of independent contractors who perform manual labor no matter what relationship the work engaged in may have to the nature of the principal's business, trade, or occupation.[2]
CUTRER, Judge, dissenting.
I respectfully dissent. The majority opinion holds that the principles enunciated in Lushute v. Diesi, 354 So.2d 179 (La.1978) applies to this case. The majority opinion holds that:
"... Lushute dictates to us that if an air conditioning system in this day and age is not a necessary part of a restaurant owner's trade, business, or occupation, then certainly a leaky roof near the bathrooms and chimney of an attorney's law office and the repair thereof, likewise, cannot be considered as a part of the attorney's trade, business, or occupation. To hold otherwise would be to find a distinction without a difference between the facts in Lushute and those here...."
With this interpretation of Lushute I urgently disagree. Lushute holds as follows:
"... A properly functioning air-conditioning system, although desirable from the viewpoint of customer comfort and satisfaction, is not necessary for the operation of a restaurant. The service rendered by decedent at the time of the accident was not a part of the restaurant business but was merely incidental thereto....."

The Supreme Court is explicitly ruling that since the air conditioning system is not necessary to the restaurant business any repair of such system by Lushute would not be a part of the restaurant business. This rule leads us to the further logical conclusion that if the air conditioning system had been necessary to the restaurant business, then Lushute would have been performing work that was part of the restaurant business. In summary, the Supreme Court is simply holding that if a necessary component part of a business building is being repaired, the repairman would be performing a part of the business and would be entitled to workmen's compensation. If such component (or system) is not necessary to the business, such repair work would not be a part of the business.
As we apply Lushute to the facts at hand, we must conclude that Brown was performing work that was a part of the trade business or occupation of Covington. The repair work by Brown was being performed on the roof of the office building. The roof of this office building is not only a desirable component part of, but is an absolute indispensable necessity to, the operation of the business office. Therefore, the service rendered by Brown at the time of the accident (repair of the roof) was a part of the office business of Covington. Lushute, supra. As such, Brown would be entitled to workmen's compensation benefits. I come to this conclusion not by distinguishing this case from Lushute, but by following the clear ruling of the Supreme Court in that case.
Having come to the conclusion that Brown was performing work as part of the *1256 trade, business or occupation of Covington, the remaining issues arising out of State Farm's third party demand against St. Paul would have to be decided. Also, we would have to decide the issue of whether penalties and attorney's fees should be awarded.

WHETHER LIABILITY RESTS WITH STATE FARM OR ST. PAUL
State Farm contends that (1) Brown was an employee of United Craftsmen, Inc. at the time of the accident; thus, St. Paul, as the corporate insurer, is liable for compensation payments; or (2) St. Paul, having issued a policy before the accident to United Craftsmen, Inc., is estopped from denying liability to Brown.
The contention that Brown as an employee of United Craftsmen, Inc. at the time of the accident is without merit. Brown had been doing maintenance work for Mr. Covington for approximately three years before the accident on April 25, 1979. For approximately one and one-half years before the accident, Brown had been operating under the unincorporated name of United Craftsmen. In the Spring of 1979, Brown decided that he would incorporate his business. Mr. Covington and Mr. Babin were performing the legal work for such incorporation. As had been customary over the past three years, Mr. Covington called Brown to repair the roof of his office. At the time the contract of employment was entered into, both Mr. Covington and Brown were fully aware that the process of the incorporation had not been completed and such corporation was not in existence. Brown also stated that he knew he was not incorporated when the accident occurred. The record simply does not support the contention that either party had any intention of contracting with or for a corporation.
The articles of incorporation were filed with the Secretary of State on May 21, 1979, approximately one month after the accident. Under the provisions of LSA-R.S. 12:25 a corporation comes into existence as of the time the articles are filed with the Secretary of State of Louisiana. The corporate entity came into being May 21, 1979. Thus, we conclude that the employment contract was between Mr. Covington and Brown, individually. United Craftsmen, Inc. was not a party to same.
State Farm's contention that St. Paul is estopped from denying liability is also without merit.
The cases cited by State Farm in this regard are not applicable to the facts at hand. The cases cited[1] deal generally with situations where a person contracts with an entity which he acknowledges to be a corporation, incurs obligations in favor of a corporation and later tries to deny corporate existence to escape liability. In those cases the courts have held that such person is estopped from denying the corporate existence to escape liability.
In the case at hand, United Craftsmen, Inc., was never a party to the employment contract. St. Paul is not estopped from denying liability for compensation payments which obligations were never incurred by its insured, United Craftsmen, Inc.
State Farm further contends that United Craftsmen, Inc., ratified the contract of employment after it came into existence. The record does not reflect any facts that would show any such ratification. This argument lacks merit. I would affirm the trial court's judgment dismissing State Farm's third party demand against St. Paul.

PENALTIES AND ATTORNEY'S FEES
I would also award penalties and attorney's fees for the following reasons.
The substantial issues in this case emanate from the fact that two insurers were *1257 in a dispute as to which would be liable for compensation payments. We have consistently held that:
"A dispute between two insurers as to which one owes compensation benefits is not justifiable grounds for withholding these benefits. The battle is between the two insurers and should not be waged at the expense of the injured workmen."
Joyner v. Houston Gen. Ins. Co., 368 So.2d 1149, 1153 (La.App. 3rd Cir. 1979). See also: Jones v. Liberty Mutual Ins. Co., 402 So.2d 287 (La.App. 3rd Cir. 1981); Carney v. Liberty Mutual Ins. Co., 277 So.2d 175 (La. App. 3rd Cir. 1973).
For these reasons, I would amend the trial court judgment by allowing penalties and attorney's fees and, as amended, I would affirm.
NOTES
[1] The named Covington in the law firm is the same person who owns the office building from which plaintiff fell and injured himself.
[2] The actual owner of the restaurant was a corporation known as Little Capitol of Louisiana, Inc.
[3] It has been suggested that Slocum v. Lamartiniere, 369 So.2d 201 (La.App. 3rd Cir. 1979) should apply here so as to allow benefits to plaintiff Brown. Slocum is distinguished. There it was determined that the defendant grocer Lamartiniere in effect was engaging in a second trade, as a contractor, in building a new grocery store, and for the reasons stated therein found that Slocum, the carpenter, was covered in workmen's compensation.
[1] Despite critical reviews, this holding of Lushute v. Diesi, supra, has not been reconsidered by the Louisiana Supreme Court. For critical analyses of the fusion of R.S. 23:1021(5) (formerly Subsection Six) and R.S. 23:1061 see the dissenting opinion of Justice Calogero in Lushute v. Diesi, supra, at page 183; 39 La. Law Review 893 (1979); 40 La. Law Review 742 (1980); and Malone and Johnson, 13 Louisiana Civil Law Treatise (Worker's Compensation), Section 78, particularly at page 145.
[2] This is apparently the position of Justice Calogero and Professors Malone and Johnson. They take the position that the Sections 1021 and 1061 of the compensation law are not relevant to the inquiry presented in this case and the only section relevant is Section 1035 which provides in pertinent part: "The provisions of this Chapter shall also apply to every person performing services arising out of and incidental to his employment in the course of his own trade, business, or occupation, or in the course of his employer's trade, business, or occupation, * * * ". Even under such a test plaintiff in this case would not be entitled to recover. Realistically, it cannot be said that the leaks in the roof of attorney Covington's building and the repair work performed to correct them arose out of or were incidental to Covington's law practice.
[1] Latiolais, Administratrix v. The City Bank of Louisiana, 33 La.Ann. 1444 (La.1881); New Prytania Market Association v. Beoubay, 185 So.2d 531 (Orl.La.App.1939); Universal C.I.T. Corporation v. J. W. Love, 264 So.2d 281 (La. App. 1st Cir. 1972); Painting Systems, Inc. v. Mildred Popkins, 376 So.2d 584 (La.App. 4th Cir. 1979); Tulane Improvement Company v. S. A. Chapman & Company, 129 La. 562, 56 So. 509 (1911); North American Contracting Corporation v. Gibson, 327 So.2d 444 (La.App. 3rd Cir. 1975).