LABORDE, Judge.
Plaintiff, Harris Marshall, filed this suit seeking to recover worker’s compensation benefits from defendant, Leroy Young-blood. The trial court rendered judgment in favor of Youngblood rejecting Marshall’s demands specifically finding that Marshall was not an employee of Youngblood nor was he an independent contractor performing manual labor in behalf of Youngblood’s trade, business or occupation. We affirm.
The issue before us is whether the trial court was correct in concluding that Marshall is not entitled to compensation benefits.
During the fall of 1978, Leroy Young-blood, a former Grant Parish Policy Juror, learned that the Department of Public Works would be clearing a ditch that ran through his property. Youngblood assisted Harris Marshall, who was in the land clearing business, in obtaining the job of clearing this ditch.
While in the course of clearing the ditch, Marshall received permission to sell some 10-15 pecan trees that were removed from along the ditch. Thereafter, Marshall approached Youngblood concerning the removal of other pecan trees on Youngblood’s property that would be suitable for veneer logs. Knowing that Marshall was having financial difficulties, Youngblood allowed Marshall to pick and choose from the remaining pecan trees on his property, any trees that could be used for veneer logs. The only requirement that Youngblood placed on Marshall was that he was to remove any stumps and pick up any debris from any trees that may be harvested near a soybean field which Youngblood was leasing to Charles Lacour. Youngblood received no payment from Marshall for the trees harvested and sold for veneer logs.
On December 12,1978, Marshall was loading the logs he had harvested to transport them to the mill. As Marshall was performing this task, one of the logs slipped and struck him causing him to suffer a broken leg.
Ten months after this accident, Marshall underwent back surgery for treatment of a ruptured disc. Marshall alleged and presented testimony at trial showing that his back problems were caused by the accident on December 12, 1978. As a result of his accident and resulting injuries Marshall argues that he is totally and permanently disabled. He seeks compensation benefits from Youngblood.
Marshall contends that since he was either an employee of Youngblood or a contractor engaged in the trade business or occupation of Youngblood, he is entitled to compensation under Worker’s Compensation Law. The trial court, after construing all the facts as liberally as possible in Marshall’s favor, concluded that Marshall was neither an employee nor an independent contractor performing manual labor on behalf of Youngblood’s trade, business or occupation. Therefore, the trial court rejected Marshall’s claim.
In reaching this conclusion, the trial court made the following findings of fact:
“(1) Leroy Youngblood retired from farming and dairying in about 1976.
(2) Mr. Youngblood leased and cultivated portion of his land to Mr. Lacour, to put under beans, at about the time that he retired.
(3) Mr. Lacour was leasing the land from Mr. Youngblood at the time of Mr. Marshall’s accident.
(4) The land under lease had been cleared prior to the Fall of 1979. However, there remained a few scattered pecan trees along the bayou and along a fence at one corner of the land, whereat is also located a barn.
(5) The trees did not obstruct or interfere with any of the farming operations.
*33 (6) Pursuant to an agreement between himself and Mr. Youngblood, Mr. Marshall was to pick and choose from among the remaining pecan trees, any trunks which could be sold by him as veneer wood, in return for which he was to doze up certain of the stumps which would remain.
(7) There was no maximum or minimum imposed upon the number of pecan trees which Mr. Marshall was to cut. He was to harvest any trees which would suit him.
(8) Since completion of the work done by Mr. Marshall, there has been no increase whatever in the amount of land under cultivation or in the methods of cultivation.”
These findings are supported by the record and after thoroughly reviewing the record in this case we conclude that the trial court was correct in finding that Marshall was neither an employee nor an independent contractor entitled to benefits under worker’s compensation law.
The record shows that Marshall approached Youngblood seeking permission to cut pecan trees on Youngblood’s property. As the trial court stated:
“... Mr. Youngblood did not ‘hire’ Mr. Marshall to work in his employ in any capacity. Mr. Marshall enjoyed complete freedom to work if and when he chose. Mr. Youngblood had no right of control over Mr. Marshall or Mr. Marshall’s employees.”
From these facts it is clear that Marshall was not an employee of Youngblood.
It is also clear that Marshall was not an independent contractor performing manual labor in behalf of Youngblood’s trade, business or occupation. We note that an independent contractor is covered under the worker’s compensation law only when a substantial part of his work time is spent in manual labor and the work performed by him is part of the principal’s trade, business or occupation. Lushute v. Diesi, 354 So.2d 179 (La.1977). Whether work performed by an independent contractor is a part of the trade, business or occupation of that principal is a factual issue which must be determined under the circumstances of each case. Lushute v. Diesi, supra. We conclude as did the trial court that “... the removal of a few scattered trees along a bayou, which could stay or go as regards the farming operations, certainly was not a part of Mr. Youngblood’s trade, business or occupation.”
Therefore, since Marshall has not established a relationship with Youngblood which will place him within the coverage of the Louisiana Worker's Compensation Law, he is not entitled to recover compensation benefits from Youngblood.
For the foregoing reasons the judgment of the trial court is affirmed. All costs are assessed to plaintiff, Harris Marshall.
AFFIRMED.