737 So.2d 806 (1999)
Regger Larry RANCE, Plaintiff-Appellee,
v.
HARRISON COMPANY, INC. and Zurich-American Insurance Co., Defendants-Appellants,
Highland Insurance Company, Intervenor.
No. 31,503-CA.
Court of Appeal of Louisiana, Second Circuit.
January 20, 1999.
Mayer, Smith & Roberts by Ben Marshall, Jr., Frank K. Carroll, Shreveport, Counsel for Appellant.
Deagan, Blanchard & Nash by Sidney W. Degan, III, Foster P. Nash, III, New Orleans, Counsel for Intervenor.
Sam N. Gregorio, Fischer & McMahon by Timothy R. Fischer, Shreveport, Counsel for Appellee.
Before BROWN and GASKINS, JJ., and PRICE, J. Pro Tem.
BROWN, J.
From the trial court's grant of summary judgment in favor of plaintiff allowing his tort action to proceed, defendants have appealed, urging that plaintiff's sole remedy is workers' compensation. For the reasons set forth below, we affirm.

Factual and Procedural Background
Defendant, the Harrison Company, is a warehousing operation whose business involves the receiving, storing and shipping of products. Plaintiff, Regger Larry Rance, a former employee of the Harrison *807 Company, was an independent contractor engaged in construction and carpentry work. In addition, he bought and resold salvage. In late 1995, in an attempt to secure an account with Taco Bell, the Harrison Company contracted with plaintiff for construction and carpentry work, the final phase of which involved the painting of a white line inside the Harrison Company warehouse.
On January 2, 1996, plaintiff had one section of the line left to paint. By 10:00 a.m., plaintiff and his brother John had completed the paint work. They cleaned their tools, left the warehouse and stored their equipment in plaintiffs truck. Plaintiff then re-entered the warehouse to inspect frozen pies designated by the Harrison Company as salvage. Plaintiff negotiated a price for the pies, then left the warehouse to bring his truck to shipping door "A." Plaintiff and his brother loaded the pie boxes into the truck and as plaintiff was closing the overhead door, he was struck on the head by a 16.5 lb. load lock. A load lock is used to secure cargo on a trailer to prevent its shifting during transport; however, this particular lock had been placed on the overhead door by Harrison Company employees to insure that it was aligned to seal a magnetic switch which activates the security system.
Plaintiff filed the instant tort action against defendants, the Harrison Company, and their liability insurer, American Zurich Insurance Company. A petition of intervention was filed by Highlands Insurance Company, the Harrison Company's workers' compensation insurer. Asserting that plaintiffs injuries did not arise out of the course and scope of his contract work with the Harrison Company, intervenor sought reimbursement of the disability benefits and medical expenses paid to or on behalf of plaintiff.
Thereafter, plaintiff filed a motion for summary judgment requesting that the provisions of Louisiana's Workers' Compensation Act be declared inapplicable and that he be allowed to proceed in tort. Plaintiff also sought summary judgment declaring defendants' liability under theories of strict liability and/or negligence. Conversely, defendants filed a motion for summary judgment seeking dismissal of plaintiffs tort action on the basis that his claim is governed by workers' compensation law and is thus barred by the exclusive remedy provisions of La. R.S. 23:1032.
A hearing on the status issue was held on November 6, 1997. The trial court denied defendants' motion and granted summary judgment for plaintiff, allowing his tort action to proceed. Judgment to this effect was signed on December 4, 1997.
After hearing arguments on plaintiffs motion for summary judgment on the issue of liability, the trial court found that defendants were liable to plaintiff under theories of strict liability and negligence and that there was no evidence of comparative or third party fault. Judgment was signed on March 13, 1998.
A final judgment certifying the trial court's previous rulings on the issues of status and liability was signed on May 14, 1998. It is from this judgment that defendants have appealed.

Discussion

Summary Judgment
In 1996, Louisiana's summary judgment law was legislatively amended to overrule the jurisprudential presumption against summary judgment. Hayes v. Autin, 96-287 (La.App. 3d Cir.12/26/96), 685 So.2d 691, writ denied, 97-0281 (La.03/14/97), 690 So.2d 41; La. Acts 1996 (First Ex. Session), No. 9. A motion for summary judgment is properly granted if the pleadings, answers to interrogatories, depositions and admissions on file, together with any affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. Koeppen v. Raz, 29,880 (La.App.2d Cir.10/29/97), 702 So.2d 337.
*808 Under article 966, if the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense, then the non-moving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the opponent of the motion fails to do so, there is no genuine issue of material fact and summary judgment will be granted. And, as noted in La.C.C.P. art. 967, the opposing party cannot rest on the mere allegations or denials of his pleadings, but must present evidence which will establish that material facts are still at issue. Koeppen, supra; Bockman v. Caraway, 29,436 (La. App.2d Cir.04/02/97), 691 So.2d 815.
Appellate courts are to conduct a de novo review of the documentation supporting and opposing summary judgment under the same criteria which governs the trial court's determination of whether summary judgment is appropriate, i.e. whether there is any issue of material fact and whether the movant is entitled to judgment as a matter of law. Berzas v. OXY USA, Inc., 29,835 (La.App.2d Cir.09/24/97), 699 So.2d 1149; Bockman, supra.
As noted by the Third Circuit in Hayes, supra, the recent legislative changes to Louisiana's summary judgment law have essentially "leveled the playing field" for the litigants. Furthermore, as provided by La. C.C.P. art. 966, summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action allowed by law. NAB v. Willamette Industries, Inc., 28,555 (La.App.2d Cir.08/21/96), 679 So.2d 477.

Status
On appeal, defendants first urge that the trial court erred in allowing plaintiff to proceed in tort. According to defendants, the evidence shows that at the time of his accident, plaintiff was an independent contractor engaged in manual labor and therefore his exclusive remedy is workers' compensation.
La. R.S. 23:1021(6) provides as follows:
"Independent contractor" means any person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this Chapter unless a substantial part of the worktime of an independent contractor is spent in manual labor by him in carrying out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter. (Emphasis added).
In Lushute v. Diesi, 354 So.2d 179 (La. 1977), the supreme court held that, in order for an independent contractor to be covered under the manual labor exception, he must show that a substantial part of his work time is spent in manual labor in carrying out the terms of his contract with the principal and the work performed by him is part of the principal's trade business or occupation. See also Locker v. Wilson, 536 So.2d 441 (La.App. 2d Cir.1988); Johnson v. Clark, 97-1351 (La.App. 3d Cir.03/06/98), 710 So.2d 316; Guidry v. Gueydan Cooperative Dryer, Inc., 97-874 (La.App. 3d Cir.12/10/97), 706 So.2d 146; Carter v. Smith, 620 So.2d 942 (La.App. 3d Cir.1993); Franklin v. Checker Cab Company, Inc., 572 So.2d 773 (La. App. 4th Cir.1990); Brown v. State Farm Fire & Casualty Company, 407 So.2d 1251 (La.App. 3d Cir.1981).
In the instant case, it is undisputed that a substantial part of plaintiff's worktime was spent in manual labor in carrying out the terms of his contract with the Harrison Company. Plaintiff, however, argues that at the time of his accident, he was no longer an independent contractor, but had a vendor-vendee relationship with the Harrison Company. According to plaintiff, the *809 evidence shows that he had completed his contract-related duties and was conducting personal business at the time of his injury. Thus, the trial court's ruling allowing him to proceed in tort should be affirmed.
In February 1990, plaintiff was hired by the Harrison Company to perform maintenance and security work. His last day as a regular employee of the Harrison Company was January 29, 1993. Thereafter, on an independent contractor basis, plaintiff performed construction and maintenance work for the Harrison Company.
In late 1995, to meet the specifications of a potential new customer, the Harrison Company hired plaintiff to perform construction and paint work in their warehouse. After rodent-proofing the exterior of the warehouse, repairing the insulation and putting up plywood, the only task plaintiff had remaining was the painting of a white line in the warehouse. All of this work was accomplished by plaintiff and his brother, John Rance, who used equipment, tools and supplies provided by plaintiff.
On January 2, 1996, plaintiff and his brother arrived at the Harrison Company warehouse at 8:30 a.m. Plaintiff parked his truck in the employee-customer parking lot and he and John carried their painting supplies into the warehouse through the employee entrance. Plaintiff and John completed their painting at approximately 10:00 a.m., then loaded their supplies and tools into plaintiff's truck.
Thereafter, plaintiff re-entered the warehouse to negotiate the price for frozen pies he was purchasing from the Harrison Company in conjunction with his salvage business. Plaintiff inspected the pallet of pies, agreed to the quoted price for the product and waited for the forklift driver to bring the pies to shipping door "A" to be loaded. After the pallet was brought to the loading dock, plaintiff exited the warehouse and drove his truck from the parking lot to shipping door "A" so that he and his brother could begin loading the frozen pies.
After some initial difficulty, John Rance was able to open shipping door "A." Plaintiff and his brother loaded the pies into the back of plaintiffs truck. Plaintiff then stepped out of the bed of his truck onto the loading dock, grabbed onto a ledge on the shipping door and attempted to close the door. At that time, the load lock fell from the overhead door and struck plaintiffs head causing him severe injury.
We find, as did the trial court, that plaintiffs contract work, which on the date of the accident was the painting of a white line inside the warehouse, and the salvage work being performed by plaintiff when he was injured, were two separate and distinct events which did not overlap in either time or place.
The evidence clearly shows that before plaintiffs accident, he had completed all of the work he intended to do that day for the Harrison Company. Upon completion of the paint work, plaintiff cleaned his equipment, left the warehouse and loaded his supplies and tools into his truck. At that time, plaintiff was no longer an independent contractor. Plaintiff returned to the warehouse to negotiate and purchase some salvage in connection with his separate personal business. But for this transaction, plaintiff would have returned home or to another job; he would not have reentered the warehouse, nor would he have been in the vicinity of shipping door "A." At the time of his injury, plaintiffs relationship with the Harrison Company was one of vendee-vendor; therefore, his remedy lies in tort, not workers' compensation. See Broussard v. Heebe's Bakery, Inc., 268 So.2d 656, 263 La. 561 (1972). This assignment of error lacks merit.

Comparative Fault
Although they do not take issue with that part of the trial court's judgment declaring their liability for plaintiffs injuries under theories of negligence and strict liability, defendants urge error in that portion of the trial court's judgment finding no comparative fault on the part of plaintiff. *810 According to defendants, the trial court erred in granting summary judgment on the issue of contributory or comparative fault as there are genuine issues of material fact in dispute, e.g. whether plaintiff knew the load lock was on shipping door "A," and credibility issues concerning events leading up to and involving the accident.
Where reasonable minds cannot differ, the question of contributory or comparative negligence is a question of law that may be resolved by summary judgment. Fowler v. Roberts, 556 So.2d 1 (La.1989); Cates v. Beauregard Electric Co-op., Inc., 328 So.2d 367 (La.1976); Miller v. Coastal Corporation, 93-1073 (La. App. 3d Cir.04/06/94), 635 So.2d 607. Furthermore, the granting of summary judgment as to liability must dispose of all liability issues, including contributory or comparative negligence. Fowler, supra; Cates, supra.
Our review of the evidence leads us to conclude that the trial court did not err in granting summary judgment on the issue of liability. The record reveals no genuine issues of material fact as to plaintiff's fault or lack thereof. Plaintiff was questioned at length regarding his knowledge of the load lock and he consistently denied knowing of the presence of a load lock on shipping door "A." On this point plaintiff was uncontradicted. Furthermore, as to the existence of "credibility issues," we first note that it is immaterial whether the shipping door was being raised or lowered at the time of plaintiffs injury; an improperly used load lock on a shipping door in the Harrison Company's warehouse fell on plaintiff, through no fault of his own, and caused him injury. Secondly, as to what was being moved at the time of the accident (salvage or paint supplies), we note that the disputed testimony on this issue comes from Harrison Company employees with no personal knowledge of the accident. Regarding alleged bias on the part of plaintiffs brother, we find no evidence of record which contradicts the testimony of John Rance regarding the events surrounding and leading up to the accident. This assignment of error is meritless.

Conclusion
For the reasons set forth above, the trial court's judgment is AFFIRMED at defendants' cost.