733 So.2d 1215 (1999)
Elizabeth R. POWERS
v.
TONY'S AUTO REPAIR, INC. and American Equity Insurance Co.
No. 98-C-1626.
Court of Appeal of Louisiana, Fourth Circuit.
April 28, 1999.
Writ Denied July 2, 1999.
A. Scott Tillery, Tillery & Tillery, Chalmette, Louisiana, Attorney for Plaintiff/Respondent.
Albert D. Giraud, Ungarino & Eckert, Metairie, Louisiana, Attorney for Defendant/Relators.
Court composed of Chief Judge ROBERT J. KLEES, Judge JAMES F. McKAY III, Judge Pro Tempore JAMES GRAY II.[*]
McKAY, Judge.
Plaintiff, Elizabeth Powers alleges that she was injured as a result of a slip and fall which occurred in the parking lot of *1216 Tony's Auto Repair, Inc. (Tony's), on September 5, 1996.
According to the initial petition, the plaintiff went to Tony's to retrieve her daughter's vehicle which had been repaired at Tony's. Plaintiff exited her vehicle and started walking towards the entrance to the building. The entrance was blocked by several vehicles parked close together, and plaintiff had to walk between the vehicles to reach the entrance. In trying to navigate the narrow passageway, plaintiff was unable to clearly see and/or was distracted from seeing the ground in front of her. While walking between the automobiles, plaintiff stepped on some loose gravel or rocks, twisted her ankle, and slipped and fell forward onto her knees in the cement parking lot. As a result of the fall, plaintiff sustained permanent and disabling injuries to her neck, back, knees, and ankles.
Plaintiff instituted the instant litigation against Tony's and its insurer, American Equity Insurance Company. In the initial petition, the plaintiff alleged causes of action for negligence and strict liability. The defendants, arguing that strict liability was repealed by the enactment of LSA C.C. art. 2317.1, filed a motion to strike the strict liability claims. The trial court granted the motion, and the plaintiff amended her petition to delete any reference to strict liability and to include an allegation that her damages were caused by a vice or defect in Tony's parking lot which created an unreasonable risk of injury. Plaintiff alleged Tony's knew, or in the exercise of reasonable care should have known, of the defect and further that the defendant could have prevented the plaintiffs damages by the exercise of reasonable care. Accordingly, plaintiff averred Tony's and its insurer were liable under LSA C.C. arts. 2317 and 2317.1.
The defendants filed a motion for summary judgment arguing there existed no genuine issues of material fact and that they were entitled to judgment as a matter of law. The motion was denied by the trial court.
Ordinarily, a determination of whether negligence exists in a particular case is a question of fact. For this reason, although there are some exceptional cases where negligence issues are decided on motions for summary judgment, cases involving a question of negligence are ordinarily not appropriate for summary judgment. DeStevens v. Harsco Corp., 94-1183 (La.App. 4 Cir. 3/16/95), 652 So.2d 1054, 1057.
The inappropriateness of this case for summary judgment is further demonstrated by the total lack of any evidence demonstrating the owner had no knowledge of the condition. Given the allegation that the owner was present when the accident occurred, it would appear the defendants would have submitted an affidavit concerning his knowledge of the condition of the parking lot to assist the trial court in making a determination that the rock did not constitute an unreasonably dangerous condition in the instant case.
While a rock may not be considered a defect in some situations, it may very well be considered a defect in others, and a retailer may very well be held negligent and liable if he knew of the condition. Moreover, in the instant case the plaintiff does not allege that the rock was the sole cause of he injury. Rather, plaintiff also alleges the defendant further contributed to the accident by failing to warn patrons about the loose gravel and rocks and by allowing vehicles to park in such a manner that caused patrons to have difficulty in getting to the entrance of the shop. If the plaintiff can show the owner was aware of the rocks and/or loose gravel on the parking lot leading to the entrance of his business and/or of the dangers attendant to allowing vehicles to park in such a manner as to obstruct the entrance, a trier of fact could possibly find the plaintiff met her *1217 burden of proving negligence on the part of the defendant.
A genuine issue of material fact exists as to whether the rock constituted an unreasonably dangerous condition. Thus the trial court did not err in denying the defendants' motion for summary judgment. Accordingly, we affirm the trial court's ruling.
AFFIRMED.
NOTES
[*] This opinion was approved and signed by Judge Gray prior to the expiration of his appointment.