862 So.2d 371 (2003)
Thomas "Jackie" FREEMAN, Plaintiff-Appellant,
v.
Douglas Barry TEAGUE, Defendant-Appellee.
No. 37,932-CA.
Court of Appeal of Louisiana, Second Circuit.
December 10, 2003.
Rhymes & Lucas by J. Michael Rhymes, Monroe, for Appellant.
*372 Onebane Law Firm by Frank H. Spruiell, Jr., Shreveport, for Appellee.
Before WILLIAMS, MOORE and LOLLEY, JJ.
LOLLEY, J.
Thomas "Jackie" Freeman ("Freeman") appeals the grant of summary judgment by the 4th Judicial District Court for the Parish of Ouachita, Louisiana, in favor of Douglas Barry Teague ("Teague"). The ruling was based at least in part on the "Aggressor Doctrine." For the following reasons, we reverse and remand.

FACTS
This case involves an incident of extreme "road rage." In January 1999, Freeman was driving his truck south of West Monroe, Louisiana, on State Highway 34. A vehicle driven by Teague passed Freeman's vehicle in a manner that Freeman allegedly thought was dangerous. Freeman then accelerated to overtake Teague. Freeman chased Teague at speeds well in excess of the speed limit, and he continued the chase after Teague turned off of Highway 34 onto Highway 557. After catching up with Teague's vehicle, Freeman pulled his truck into the left-hand lane of Highway 557 to a position where the front wheels of his truck were even with the rear wheels of Teague's vehicle. Shortly thereafter, Teague, an off-duty police officer, turned on the police lights of his vehicle and stopped. Freeman then stopped his vehicle a few car lengths behind Teague who exited his car, drew his pistol, and approached Freeman's vehicle, allegedly screaming and cursing Freeman and placing his pistol only a few inches from Freeman's face during the incident. He ordered Freeman to get out of his truck and to walk to the front of Teague's vehicle. Teague demanded Freeman's license and used his cellular phone to request a criminal background check on Freeman to determine if there were any outstanding warrants. Subsequently, Teague, who was outside his jurisdictional limits at all times during the incident, allowed Freeman to leave the scene.
In December 1999, Freeman filed suit against Teague seeking damages for emotional distress. Teague then filed a motion for summary judgment in February 2003, accepting for purposes of the summary judgment motion the version of events related by Freeman in Freeman's discovery deposition. In opposition to the motion for summary judgment, Freeman not only submitted his deposition, but also the affidavit of Woody Rimes ("Rimes") and the deposition of Det. David Harris ("Det.Harris") of the Ouachita Parish Sheriff's Department.
Rimes stated in his affidavit that he had carefully read a copy of a statement he gave to Det. Harris on February 9, 1999, and that the facts contained in the statement, a copy of which was attached to Rimes' affidavit, were true and correct. The statement indicated that on the night of the incident, Rimes observed two vehicles near his residence. A police car was parked directly in front of Rimes' mailbox, and a Ford truck was parked a short distance behind the police car. Rimes stated he could hear one of the two individuals screaming and using extremely vulgar language and that the individual who was screaming sounded as if he "had lost his composure or he had lost all control." The screaming continued for a short time, and then one of the individuals proceeded toward the Ford truck while the other stood at the police car repeatedly screaming vulgarities at the other, who got into the truck and drove away.
Det. Harris' deposition related circumstances occurring after the incident. On February 5, 1999, Det. Harris executed an *373 affidavit in support of an arrest warrant for Teague based upon the incident. Det. Harris' affidavit asserted that Teague committed several criminal offenses via the incident, including false imprisonment and aggravated assault. According to Teague, although criminal charges were brought against him, they were subsequently dropped.
When the motion for summary judgment came for hearing, the motion was argued and the record was held open in order to receive a deposition and an affidavit. Teague had argued in support of the motion that Freeman was the "aggressor" in the initiation of the altercation, that Freeman had ample time and opportunity to avoid or otherwise disengage his chase of Teague's vehicle, and that under the "Aggressor Doctrine" Freeman was precluded from recovering any monetary damages from Teague. Subsequently, the trial court issued its Ruling and Judgment, finding that Freeman "was the aggressor in this cause." The court further found that the actions taken by Teague, "when taken as a whole," were not actionable; consequently, the court granted summary judgment in favor of Teague. This appeal by Freeman ensued.

DISCUSSION
A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B); Leckie v. Auger Timber Co., 30,103 (La.App.2d Cir.01/21/98), 707 So.2d 459. Although summary judgment procedure is favored and must be construed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by law, factual inferences reasonably drawn from the evidence nevertheless must be construed in favor of the party opposing the motion, and all doubt must be resolved in favor of the opponent to summary judgment. See S.G. v. City of Monroe, 37,103 (La.App.2d Cir.04/11/03), 843 So.2d 657. In determining whether summary judgment is appropriate, appellate courts review the evidence de novo. Hanover American Insurance Co. v. Trippe Manufacturing Co., 37,060 (La.App.2d Cir.04/09/03), 843 So.2d 571.
Ordinarily, the determination of whether negligence exists in a particular case is a question of fact; therefore, cases involving a question of negligence ordinarily are not appropriate for summary judgment. Powers v. Tony's Auto Repair, Inc., 98-1626 (La.App. 4th Cir.04/28/99), 733 So.2d 1215, writ denied, 99-1552 (La.07/02/99), 747 So.2d 28. This principle extends to questions of comparative fault as well. However, where reasonable minds cannot differ, a question of comparative fault is a question of law that may be resolved by summary judgment. See Rance v. Harrison Co., Inc., 31,503 (La.App.2d Cir.01/20/99), 737 So.2d 806, writ denied, 99-0778 (La.04/30/99), 743 So.2d 206.
In the instant case, the court appeared to rely, at least to some extent, on the "Aggressor Doctrine" in granting summary judgment. However, in Landry v. Bellanger, XXXX-XXXX (La.05/20/03), 851 So.2d 943, the Louisiana Supreme Court held that the "Aggressor Doctrine" no longer has a place in Louisiana tort law. Under the "Aggressor Doctrine," tort recovery was precluded where the plaintiff acted in such a way as to provoke a reasonable person to use physical force in fear or anticipation of further injury at the hand of the aggressor plaintiff, unless the person retaliating used excessive force to repel the aggressor. See Slayton v. McDonald, 29,257 (La.App.2d Cir.02/26/97), *374 690 So.2d 914. However, in Landry, supra, the court stated that applying the "Aggressor Doctrine" to bar a plaintiff's recovery would reintroduce some vestige of contributory negligence law to our tort system and would ignore the plain language of La. C.C. art. 2323(A) that directs a court to allocate a proportion of fault to every party contributing to an injury.
Nevertheless, the Landry court held that self-defense was still a full, valid defense to battery, and the court exonerated the defendant because the court found he acted in self-defense. The court stated that self-defense, unlike the "Aggressor Doctrine," is a true defense that operates as a privilege to committing an intentional tort. However, the court noted that for the privilege to apply, the plaintiff's conduct must go beyond mere provocation. There must be an actual or reasonably apparent threat to the claimant's safety, and the force employed cannot be excessive in degree or kind.
Teague acknowledges that under Landry, supra, the "Aggressor Doctrine" is no longer valid in Louisiana. Teague also acknowledges that the district court's grant of summary judgment was at least partially predicated on the "Aggressor Doctrine." However, Teague argues that under our de novo review we must determine whether his response to Freeman's conduct constituted self-defense which would serve as a complete defense. While we agree with Teague's analysis up to this point, we cannot agree that summary judgment was appropriate on the issue of self-defense. As with questions of comparative fault, the applicability of self-defense is a fact-intensive inquiry based on the appropriateness, vel non, of the conduct presented in light of the totality of the circumstances. To affirm the grant of summary judgment on the issue of self-defense would require us to conclude that reasonable triers of fact could not differ either with respect to the presence of an actual or reasonably apparent threat to Teague's safety or with respect to the absence of any excessive force, in degree or kind, on Teague's part. On the record before us, we simply cannot say that this requirement is met, especially with regard to the latter element. Accordingly, we must reverse the summary judgment.

CONCLUSION
For the reasons set forth above, the judgment of the trial court is hereby reversed, and the case is remanded for further proceedings. Costs of the appeal are assessed to Douglas Barry Teague.
REVERSED AND REMANDED.