946 So.2d 188 (2006)
Renata S. LUMAR
v.
ZAPPE ENDEAVORS, L.L.C., ABC Insurance Company, DEF Insurance Company and XYZ Insurance Company.
No. 06-CA-317.
Court of Appeal of Louisiana, Fifth Circuit.
October 31, 2006.
Philip Bohrer, Bohrer Law Firm, Attorney at Law, Baton Rouge, Louisiana, Chad *189 A. Aguillard, Attorney at Law, New Roads, Louisiana, for Plaintiff/Appellant.
Brian C. Bossier, Erin H. Boyd, Blue Williams, Attorneys at Law, Metairie, Louisiana, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., CLARENCE E. McMANUS, and FREDERICKA HOMBERG WICKER.
CLARENCE E. McMANUS, Judge.
Plaintiff, Renata S. Lumar, appeals from the trial court's judgment dismissing her tort claims against defendant, Zappe Endeavors, LLC ("Zappe"). We affirm the decision of the trial court.
Ms. Lumar contended that she was employed by Aramark Management Services, (hereinafter "Aramark") and that on October 4, 2003 she was working at the Zappe's potato chip factory. Zappe Endeavors, LLC, (hereinafter "Zappe") contracted with Aramark for cleaning services to the factory. Ms. Lumar was injured when her hand got caught in the conveyor belt of the machine she was cleaning.
Ms. Lumar filed suit against Zappe in tort and products liability, and also intentional tort. She later amended her petition to name Aramark as a defendant.
Zappe filed a motion for summary judgment, alleging that it was immune from tort liability under the worker's compensation statutes. Zappe contended that it was the statutory employer of Aramark, and that Ms. Lumar would be unable to prove any intentional tort to constitute an exception to the worker's compensation exclusivity provisions. Zappe additionally asserted that Ms. Lumar was an independent contractor performing manual labor, and therefore worker's compensation indemnity was her exclusive remedy.
The trial court granted summary judgment in favor of Zappe, finding that it was liable for worker's compensation and it was immune from tort liability. In this appeal, plaintiff challenges the court's finding that Zappe is immune from tort liability.
A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." LSA-C.C.P. art. 966(B). The summary judgment procedure is favored and "is designed to secure the just, speedy, and inexpensive determination of every action. . . ." LSA-C.C.P. art. 966(A)(2).
A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B). The initial burden of proof remains with the mover to show that no genuine issue of material fact exists. LSA-C.C.P. art. 966(C)(2). If the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that a material factual issue remains. The failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Underwood v. Best Western Westbank, Inc., 04-243 (La. App. 5 Cir. 8/31/04), 881 So.2d 1271. Decisions as to the propriety of granting the motion must be made with reference to the substantive law applicable to the case. Mohsan v. Roule-Graham, 05-122 (La. App. 5 Cir. 6/28/05), 907 So.2d 804.
The court's review of a grant or denial of a motion for summary judgment *190 is de novo. Ocean Energy v. Plaquemines Parish Gvmt., 04-0066 (La.7/6/04), 880 So.2d 1. Thus, we ask the same questions as the district court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Id.
The facts are not in dispute in this case. Aramark, an independent contractor, contracted with Zappe to provide cleaning services for Zappe's manufacturing facility. Plaintiff was in the course and scope of her employment, providing those cleaning services, when she was injured.
LSA R.S. 23:1032 provides that:
A. (1)(a) Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages, including but not limited to punitive or exemplary damages, unless such rights, remedies, and damages are created by a statute, whether now existing or created in the future, expressly establishing same as available to such employee, his personal representatives, dependents, or relations, as against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease.
(b) This exclusive remedy is exclusive of all claims, including any claims that might arise against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal under any dual capacity theory or doctrine.
LSA-R.S. 23:1021(7) provides that:
(7) "Independent contractor" means any person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this Chapter unless a substantial part of the work time of an independent contractor is spent in manual labor by him in carrying out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter. The operation of a truck tractor or truck tractor trailer, including fueling, driving, connecting and disconnecting electrical lines and air hoses, hooking and unhooking trailers, and vehicle inspections are not manual labor within the meaning of this Chapter.
Thus, LSA-R.S. 23:1021(7) allows workers' compensation coverage for a certain type of independent contractor, one who is engaged in manual labor for a substantial part of the work time, and LSA-R.S. 23:1032 allows tort immunity to that type of independent contractor's "employer." As the court noted in Fleniken v. Entergy Corp., 780 So.2d 1175, 95 A.L.R.5th 665, XXXX-XXXX (La.App. 1 Cir. 2/16/01) writ denied, XXXX-XXXX, 793 So.2d 1250 (La.6/15/01), the Legislature has seen fit to extend workers' compensation coverage to certain independent contractors who perform manual labor and that extension of coverage encompasses tort immunity for the employer who contracts with the laborer. Aramark performed cleaning services, which are considered manual labor[1], *191 and accordingly is immune from tort liability.
Ms. Lumar contends that she is not an independent contractor, but an employee of an independent contractor, and therefore she is not limited by the exclusivity provisions of the worker's compensation statutes. In finding Ms. Lumar's argument to be without merit, the trial judge said that "The court does not see the distinction being made by plaintiff. Plaintiff falls within the class of independent contractors contemplated by this statute which perform manual labor, and are therefore covered by worker's compensation." We agree with the trial court.
Aramark performs its duties through its employees, and is liable for the acts of its employees. The limitations applicable to Aramark are also applicable to its employees. Furthermore, LSA-R.S. 23:1021 does not state that it is not applicable to independent contractors who are partnerships, corporations or other juridical persons, and does not limit itself to independent contractors who are natural persons only. Pursuant to LSA-R.S. 23:1021, plaintiff is entitled to collect worker's compensation benefits, and is prohibited from filing actions in tort, against Zappe.
For the above discussed reasons, the decision of the trial court granting summary judgment in favor of Zappe, dismissing plaintiff's claims in tort, is affirmed.
AFFIRMED.
NOTES
[1] See Rance v. Harrison Company, Inc., 31,503 (La.App.2d Cir.1/20/99), 737 So.2d 806, writ denied, 99-0778 (La.4/30/99), 743 So.2d 206 for a definition of "manual labor." Neither party disputes that Ms. Lumar was performing manual labor at the time of the accident.