WINSBERG, J.,
dissents with reasons.
I,This Court established a rule concerning a similar issue in which the facts were reversed, and should be applicable here. Lumar v. Zappe Endeavors, L.L.C., 06-317 (La.App. 5 Cir. 10/31/06), 946 So.2d 188. Furthermore, the fact that the Plaintiff is a manual laborer entitles him to workers’ compensation regardless of the independent contractor status of his employer.
In Lwnar, the employee of the independent contractor wanted to recover under tort law, not workers’ compensation. In that case, this Court found that she was only entitled to workers’ compensation. Here, the same type of manual laborer is seeking recovery for injuries, but here the worker is seeking worker’s compensation, rather than tort damages.
In humar, the plaintiff was employed by a cleaning company. Her employer contracted with a client to provide cleaning services at client’s factory. She brought suit in tort and products liability against that client (the principal), alleging damages to her hand that she received when it got caught in the conveyor belt of the machine she was cleaning. The trial court granted summary judgment in favor of the client, and we affirmed, finding that the *9 client was entitled to the exclusivity provisions of the workers’ compensation law, and that the Plaintiffs recovery was limited to workers’ compensation benefits from the client, not the direct employer. The Court |2based its decision on the “manual labor” exception in La. R.S. 23:1021(7), which states:
“Independent contractor” means any person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this Chapter unless a substantial part of the work time of an independent contractor is spent in manual labor by him in carrying- out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter. The operation of a truck tractor or truck tractor trailer, including fueling, driving, connecting and disconnecting electrical lines and air hoses, hooking and unhooking trailers, and vehicle inspections are not manual labor within the meaning of this Chapter.
The Lumar plaintiff contended that she was not an independent contractor, but an employee of an independent contractor, and therefore not limited by the exclusivity provisions of the workers’ compensation statute. In finding that the argument was without merit, the trial judge said that “The Court does not see the distinction being made by plaintiff. Plaintiff falls within the class of independent contractors contemplated by this statute which perform manual labor and are therefore covered by workers’ compensation.” This Court concurred, stating
Aramark (cleaning company) performs its duties through its employees, and is liable for the acts of its employees. The limitations applicable to Aramark are also applicable to its employees. Furthermore, LSA-R.S. 23:1021 does not state that it is not applicable to independent contractors who are partnerships, corporations or other juridical persons, and does not limit itself to independent contractors who are natural persons only.
Du,mar, 946 So.2d at 191.
The “manual labor” exception extends the Act’s scope to include those individuals who are otherwise considered independent contractors, but who spend a substantial part of their time performing the contract by manual \xlabor. This exception extends to the parties here since the contract called for removal of trees which included cutting, bundling, loading, and hauling, most of which constitutes manual labor. See also: Lumar, 946 So.2d at 188. We note that both the Plaintiff and the direct employer performed the manual labor for the job, and that the direct employer was not a passive owner, but “hands-on” in the furtherance of the work.
Furthermore, both sides stipulated to the fact Plaintiff was a direct employee of the backhoe and dozer company that contracted with the principal/Defendant, and that the Plaintiff was injured while cutting the trees into pieces. Thus, under Lumar, the Plaintiff must be covered by workers’ compensation by the Defendant because Lumar denies him an action for tort damages, and because the Plaintiff is a manual laborer. Otherwise, he would have no remedy.